7959.  LOUISVILLE AND NASHVILLE RAILROAD COMPANY, for use, etc., *v.* TATE.

Allegations in a petition for certiorari which are not verified by the answer can not be considered. From the answer to the certiorari in this case it does not appear that the trial court abused its discretion in refusing a continuance. There was evidence to support the verdict; and the judge of the superior court did not err in overruling the certiorari.

DECIDED MARCH 19, 1917.

Certiorari; from Pickens superior court—Judge Patterson. September 27, 1916.

*Tye, Peeples & Tye, D. W. Blair, John S. Wood,* for plaintiff in error. *F. C. Tate, Roscoe Pickett,* contra.

WADE, C. J. Allegations in a petition for certiorari which are not verified by the answer can not be considered. From the answer of the magistrate in this case it does not appear that the trial court abused its discretion in refusing a continuance. The defendant pleaded a set-off, and it does not appear that there was a definite agreement between the parties for the dismissal of the case at the trial term, whereby the plaintiff was prevented from making preparation for trial. The magistrate says in his answer: "Attorney for plaintiff asked for a continuance, and the court told

him that he would have to make showing for a continuance. He, Jno. S. Wood, being sworn, said that he had failed to reach a settlement with defendant and had not prepared his case either. Neither had he any witnesses. The court asked him if he had had his witnesses subpœnaed; to which he answered 'no;' and the court then asked him if he did not bring the appeal, and he answered he did. The court asked him if he had not had 30 days in which to bring his witnesses to court and have his case prepared, and he answered he had, but thought he would reach an agreement." It is further distinctly stated in the answer that the court had no knowledge of any agreement between the parties to dismiss the case, though at a previous term "plaintiff's attorney stated that he would endeavor to have the case settled," and nowhere does it appear from the answer that the defendant admitted having made any agreement to dismiss.

Though the evidence of the defendant that he had sold certain peaches for one dollar a basket "f. o. b. cars Jasper, Georgia," which he was compelled to sell on the local market at 80 cents and 75 cents per basket, because of the failure of the plaintiff to furnish a properly equipped car for the transportation of the fruit, is apparently somewhat in conflict with his further testimony that "he was selling at one dollar per basket f. o. b. here at packing shed," his definite testimony, undisputed, was that he lost the difference in price between 75 and 80 cents and one dollar per basket, for which last price he had sold the peaches, provided the railroad company had furnished suitable cars for their shipment. We may assume that the testimony that the defendant was "selling one dollar per basket here at packing shed" was intended to mean "f. o. b. cars at packing shed;" and at all events we can not say, in view of the testimony as to a definite and specific loss, that the verdict was unsupported by the evidence.

The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*